IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.                                                    CASE NO. 5:05-cr-22-RH-GRJ

MAGALINE BOWERS PETERSON

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 156, Defendant's First Amended Motion

To Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255.  Section

2255(f) sets forth a one-year limitations period which runs from the latest of:

> (1)    the date on which the judgment of conviction becomes final;

> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The judgment of conviction in this case was entered on February 24, 2006. (Doc.

96.)  Defendant did not appeal.  For purposes of the limitations period, Defendant's

conviction became final when the 10-day period for filing an appeal in effect at the time

elapsed on March 6, 2006.  *See* Fed. R. App. P. 4(b)(1)(a), 26(a)(1).  The limitations

period expired one year later, on March 6, 2007.  The instant motion to vacate appears

to have been provided to prison officials for mailing on June 19, 2012, nearly six years

after the one-year limitations period expired.  Accordingly, the instant motion to vacate

is untimely.

However, the limitations period can be tolled if Petitioner demonstrates entitlement to equitable tolling. "Equitable toling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dept' of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001). It is "an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002). To demonstrate entitlement to equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

One of Defendant's claims in her motion to vacate is that counsel was ineffective for failing to file a direct appeal even after Defendant requested that he do so. Assuming, *arguendo*, that this amounted to the kind of extraordinary circumstances and requisite diligence that would entitle Defendant to equitable tolling, the limitations period would only be tolled until she knew or should have known that her counsel had not filed an appeal. This would have been January 5, 2010 at the latest, when Defendant filed a notice of appeal from the denial of a § 3582 sentence reduction. (Doc. 132.) Defendant waited nearly two years from that notice of appeal to file the instant motion to vacate.

In support of a claim for equitable tolling beyond January 5, 2010, Defendant

asserts that she has little knowledge of the law and "tremendous health challenges with morbid obesity" that have prohibited her access to the law library. These are not the type of circumstances that are so extraordinary as to warrant the application of equitable tolling.

Accordingly, Defendant's amended motion vacate is due to be dismissed because it was filed after the expiration of the one-year statute of limitations under AEDPA, even assuming she is entitled to equitable tolling until January 5, 2010.[1]

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

Rule 11(a) also provides: "Before entering the final order, the court may direct

---

[1]The undersigned notes that Defendant's claims in grounds one and two are based on mistaken facts and are without merit. Defendant's first claim is that she was promised a sentence of five years but instead got an "enhanced" sentence of 10 years. As the Court explained in its Order Denying Motion to Reduce Sentence Under Amendment 706, Defendant was sentenced to the mandatory minimum sentence of 10 years. (Doc. 124.) Her appeal of that Order was denied by the Eleventh Circuit as frivolous. (Doc. 146.) Furthermore, the plea agreement signed by Defendant on November 15, 2005 stated that she faced "imprisonment for a minimum mandatory term of ten years and up to life;" that "the sentence to be imposed is left solely to the discretion of the District Court;" there were no other agreements; and that Defendant entered the agreement "knowingly, voluntarily and upon advice of counsel." (Doc. 61.) Defendant argues in her first claim that the Government failed to file and serve a sentence enhancement. However, Doc. 53 reflects that the Government did file an "Information and Notice of Intent" to seek enhanced penalties under 21 U.S.C. §§ 841, 851. In ground two, Defendant claims that the enhancement was illegal because she received criminal history points for being on probation, which expired September 9, 2005, and the instant offense did not occur until October 4, 2005. (Doc. 156.) The last distribution alleged in the Statement of Facts occurred May 26, 2005, prior to the end of Defendant's probation. (Doc. 60.)

the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

For the foregoing reasons it is respectfully **RECOMMENDED** that the amended motion to vacate, Doc. 156, be **DENIED as untimely,** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** this 2nd day of April 2013.


*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**