IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 5:05cr22-RH/GRJ

MAGALINE BOWERS PETERSON,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant has moved under 28 U.S.C. § 2255 for relief from her judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 161, and the objections, ECF No. 162. I have reviewed *de novo* the issues raised by the objections. This order accepts the report and recommendation and denies the § 2255 motion.

As correctly noted in the report and recommendation, the motion is untimely. The motion is also unfounded on the merits. The defendant entered a plea agreement that expressly said the minimum mandatory sentence was 10 years in custody. When I took the defendant's plea, I carefully explained the 10 year mandatory sentence. And I properly imposed that sentence.

In her objections to the report and recommendation, the defendant seems to assert that a state conviction on which the sentence was probation cannot be a felony. That assertion is frivolous. A felony is a crime for which the *authorized* sentence is more than a year; it does not matter whether the *actual* sentence is more than a year. The defendant was properly sentenced to the 10-year minimum mandatory term that applied because she had a prior felony drug conviction. The defendant says her attorney rendered ineffective assistance by not filing an appeal, but the defendant still has pointed to no issue the attorney could have raised on appeal.

None of this matters now, because the § 2255 motion is plainly untimely.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a

demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability. Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal. Accordingly,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's amended

motion for relief under 28 U.S.C. § 2255 is DENIED.

    2. The defendant's application for a certificate of appealability is DENIED.

    3. Leave to proceed on appeal *in forma pauperis* is DENIED.

SO ORDERED on April 29, 2013.

                                            s/Robert L. Hinkle
                                            United States District Judge